IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-10020-WEB |
| ) | |
| TRACY WESLEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## Memorandum and Order

This matter came before the court on April 7, 2009, for a hearing on the defendant's Motion for Revocation of the Order of Detention. Doc. 14. The court orally denied the motion at the conclusion of the hearing. This written order will supplement the court's oral ruling.

I. *Background*.

An Indictment filed March 5, 2009, charges defendant Tracy Wesley with two counts of unlawful possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)), one count of unlawful possession with intent to distribute 50 grams or more of a mixture containing methamphetamine (21 U.S.C. § 841(a)(1)), and two counts of unlawful possession of a firearm by a previously-convicted felon (18 U.S.C. § 922(g)(1)). Doc. 1.

Following a detention hearing on March 9, 2009, Magistrate Judge Karen Humphreys ordered that the defendant be detained pending trial, finding he was both a flight risk and a danger to the community. Doc. 8. On March 20, 2009, the defendant filed a motion for release with letters of support and a proposed release plan under which he would live at the residence of his girlfriend's sister and mother. The Magistrate held another hearing on March 25, 2009, but again denied release. The Magistrate noted that drugs, firearms, and cash had been found in the

defendant's residence during the execution of a search warrant, and that the defendant had allegedly admitted to unlawful possession of firearms during an interview with law enforcement officers. She found the defendant's proposed release plan was not a reasonable alternative to detention.

On March 31, 2009, the defendant filed a motion under 18 U.S.C. § 3145(b) for revocation of the order of detention, arguing that the factors in § 3142(g) warranted release. The motion argued that defendant's criminal history since his release from prison in 1998 was "minimal" and involved primarily traffic matters. It argued that he has significant ties and support in the community, and defendant has now provided additional letters of support to the court. Defendant argues that he is a peaceable person, that there is no evidence he ever had a firearm on his person, and that he successfully completed supervision in a prior case. Defendant argues he would not be a flight risk or a danger to the community if released.

The Government opposes release, arguing that during execution of a search warrant at defendant's residence officers found three loaded handguns, a rifle, 67 grams of methamphetamine, and $5,300 in cash. The Government asserts that it has evidence to show that the defendant engaged in three sales of significant quantities of methamphetamine to a Confidential Informant. It cites the Affidavit of a DEA Special Agent to bolster its contention that surveillance corroborated the alleged sales. It further alleges that at the time of his arrest, the defendant was found in possession of $3,000 of pre-recorded "buy" money. The Government further asserts that after waiving his Miranda rights, the defendant made a statement to law enforcement officers admitting that he kept methamphetamine at his residence, but saying he did so only so his friends could get high. He also allegedly admitted possessing the two

firearms mentioned in the Indictment.  Doc. 15 at 3.

II.  *Standards & Findings*.

The district court's review of the magistrate's order of detention is *de novo*, meaning this court must make its own determination and must ultimately decide the issue of detention or conditions for release without deference to the magistrate's conclusion.  *United States v. Cisneros*, 328 F.3d 610, 616, n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142.   The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence.  *Cisneros*, 328 F.3d at 616.  In a case such as this, where the Indictment alleges an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, and where an offense is charged under § 924(c), a rebuttable presumption of detention arises. § 3142(e)(3).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,  the court must consider:  (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol

abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

In this case, as noted above, there is a rebuttable presumption of detention.  The charges against the defendant are serious in nature and involve both drugs and firearms.  The Government represents that it has significant evidence against the defendant, including items seized pursuant to a search warrant, surveillance by officers, controlled purchases by a Confidential Informant, possession of "buy" money by the defendant, and admissions by the defendant to law enforcement.  The defendant has provided numerous letters of support, but the court notes that he appears to have more significant ties to California.  His employer is in California, although he is allegedly able to work for the employer in Wichita, taking in-home care of disabled people.  He also allegedly admitted to Pretrial Service Officers that in the last twelve months he made approximately $3,000-$5,000 "on the streets" and "hustling."  He has a prior conviction for a crime of violence and a conviction related to firearms.  The Pretrial Services report indicates that he has had several bail forfeitures declared in traffic matters in recent years.  The defendant's proposed plan of release does not appear to be feasible or sufficient to ensure public safety.

After considering all of the circumstances, including those listed above, the court the court concludes that there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community if he is

released.  Accordingly, the court orders that the defendant be detained pending trial in this case.

III. *Conclusion*.

The defendant's Motion to Revoke Detention Order (Doc. 14) is DENIED.  The Order of Detention previously entered in this case remains in effect.  The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this  8th   Day of April, 2009, at Wichita, Ks.


s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge