IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-10020-WEB |
| | ) | |
| TRACY WESLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

This matter came before the court on January 20, 2010, and subsequently on January 25, 2010, for hearings on the defendant's objections to the Presentence Report and for sentencing.[1] This written memorandum will supplement the court's oral rulings at these hearings.

*I. Objections to Presentence Report.*

The defendant filed four objections to the Presentence Report. The court orally denied the objections at the January 20, 2010, hearing.

*Objection No. 1*. Defendant's first objection is that he "does not remember being convicted of second degree murder," a reference to the conviction for Attempted Murder listed in ¶ 38 of the PSR.

The Probation Office obtained and disclosed to the parties and to the court an Abstract of Judgment from the State of California Department of Corrections which shows that on December

---

[1] At the January 20, 2010, hearing, the court orally denied the defendant's objections to the Presentence Report. The court also granted the defendant's request to continue the sentencing hearing, after the Government made an oral motion for reduction in sentence and the defense requested additional time to file a written response to the motion. Accordingly, the court continued the sentencing hearing to January 25, 2010.

15, 1993, the defendant was convicted of Attempted Murder, in violation of California penal code § 664 and § 187(a), in Los Angeles County Superior Court Case No. NA008179.[2] The defendant does not challenge the validity of the record and the court concludes that it supports the prior conviction listed in ¶38. The defendant's objection is denied.

*Objection No. 2*. Defendant's second objection is that "the criminal history [alluded] to is more than 15 years old and the Defendant's incarceration did not extend into the 15 year[] period" of USSG 4A1.2(e).

Under the guidelines, any sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of defendant's commencement of the instant offense is counted in the criminal history computation. Also counted is any such sentence "whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." USSG §4A.12(e)(1). The records of judgment and correctional records obtained by the Probation Office, which defendant does not challenge, show that the defendant was convicted of Attempted Murder on 12/15/1993, was sentenced to a term of 12 years imprisonment, and was subsequently released on 1/16/1997. He was also convicted of Sale of Cocaine on 3/26/1990, sentenced to a term of 5 years (initially to run consecutive to NA000371), and released on parole 1/16/1997. The offenses in the instant case were committed on March 4, 2009, which was within fifteen years of defendant's incarceration for Attempted Murder in Case No. NA008179 (PSR

---

[2] The court directs that the records obtained by the probation office from the California Department of Corrections – including a DOC chronological history; Disposition of Arrest form and Booking Record (Case 89M02048); and Information, Abstracts of Judgment, and Booking Records (relating to Case Nos. NA000747, NA008179 [previously No. NA000371], and NA000755) – be admitted as an exhibit for purposes of sentencing. The Government is directed to maintain a copy of the exhibit for purposes of any further proceedings.

¶38) and for Sale of Cocaine in Case No. NA000755 (PSR ¶39). The prior sentences were thus properly counted under the guidelines. The defendant's objection is denied.

*Objection No. 3*. Defendant next asserts that his prior sentences "were not separate convictions and therefore should be counted separately."

USSG Section 4A1.2(a)(2) provides in part that "[p]rior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first arrest prior to committing the second offense)." The unchallenged records from the State of California show that defendant's commission of the offenses listed in PSR ¶¶ 37-39 were each separated by intervening arrests. An Abstract of Judgment and booking sheet show that the defendant committed the offense in ¶37 (No. NA000747) on 7/20/89 and was arrested the same day. The Attempted Murder offense in ¶38 (NA008179) was committed the following day, 7/21/89. A booking sheet shows the defendant was originally arrested in connection with that offense on 7/22/89, on a charge of Assault with a Deadly Weapon on a Peace Officer.[3] Defendant then committed the Sale of Cocaine offenses in PSR ¶39 on 8/29/89 and was arrested that same date. Because these offenses were separated by intervening arrests, the Presentence Report correctly counted them separately under the guidelines. Defendant's objection is therefore denied.

*Objection No. 4*. Defendant's fourth objection is to the finding that he is a "career offender" under the guidelines.

Section 4B1.1(a) provides that a defendant qualifies as a career offender if: (1) he was at

---

[3] The offense in PSR ¶38 was initially prosecuted as Case No. NA000371. After that conviction was reversed and remanded, however, the defendant pled *nolo contendere* and was found guilty of the offense as charged in Case No. NA008179.

least 18 years old at the time of the instant offense; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The record shows these elements are satisfied. The defendant was over 18 years old at the time of the instant offenses. His conviction on Count 3 of the instant Indictment (possession with intent to distribute methamphetamine) is a felony controlled substance offense. And he has two separate prior qualifying felony convictions: Attempted Murder (PSR ¶38), which is a crime of violence, and Sale of Cocaine (PSR ¶39), a controlled substance offense. Accordingly, the objection is denied.

### II.  *Motion for Variance*.

At the January 20, 2010, sentencing hearing, the Government made an oral motion for reduction in sentence pursuant to USSG 5K1.1 and 18 U.S.C. § 3553(e), recommending a sentence of 156 months' imprisonment, which was below the advisory guideline range of 188-235 months. On January 22, 2010, defendant filed a motion for downward variance, arguing that a lesser sentence is warranted under the factors in 18 U.S.C. § 3553(a). Defendant points out that his career offender status results from 3 offenses that all happened within 39 days of each other approximately 20 years ago, when he was 22 years old. He says other than a pending traffic matter, and the instant case, he has not been in trouble since 1989. He says he has fully cooperated in this case, and that he has been active in a number of ministries. He has provided the court with certificates showing he has completed various religious studies. The court has also received a letter written by the defendant to the Probation Officer discussing the Presentence Report and his prior offenses. Defendant notes that without a career offender enhancement, his

guideline range would have been 100-125 months. He argues the court should start with a sentence of 100 months and reduce it by 32 months, the amount of reduction recommended by the Government, for a total sentence of 68 months. The Government opposes any such reduction, arguing that a 156-month sentence would be appropriate in this case.

Section 3553(a) requires the court to impose a sentence sufficient, but not greater than necessary: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the range for the offense under the sentencing guidelines; (5) policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Under the factors in Section 3553(a), the court concludes that a sentence of 156 months is appropriate. The defendant's offenses in this case were serious in nature, involving a large quantity of methamphetamine and the unlawful possession of firearms. He has a serious criminal history, with prior convictions for Attempted Murder and Sale of Cocaine. Although the defendant points out that he committed the prior offenses when he was quite young, his commission of the instant offense at age 42 shows that he is properly considered a career

offender, and that he is likely to commit further crimes given the chance. The sentence recommended by the Government reflects the cooperation that the defendant provided, but it also reflects the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities among other defendants who are found guilty of similar offenses. The court finds that the sentence of 156 months is sufficient but not greater than necessary to achieve the purposes of sentencing.

### III. Conclusion.

The defendant's objections to the Presentence Report and his Motion for Variance (Doc. 34) are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this 26th Day of January, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge