IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. )   Case No. 09-10020-WEB
)
TRACY WESLEY, )
)
          Defendant. )

MEMORANDUM AND ORDER

Tracy Wesley filed a Motion Pursuant to 28 U.S.C. § 753 (Doc. 38), requesting a transcript of his plea hearing and his sentencing hearing. A review of the case shows the defendant was convicted after he pleaded guilty to count 3, possession with the intent to distribute 50 grams or more of a substance or mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B), and count 4, felon in possession of a firearm, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2). Defendant was sentenced to 154 months on count 3, and 120 months on count 4, to run concurrently with count 3.

Wesley argues that he has one year to present claims to the court, therefore the court assumes he is preparing a petition pursuant to 28 U.S.C. § 2255. He requests the court provide him copies of the transcript for the plea hearing and the sentencing hearing.

"A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefore, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

1

of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915.  At this time, defendant has not filed a motion to proceed in forma pauperis, nor has he filed his motion pursuant to 28 U.S.C. § 2255.  However, before the court can consider such a motion, or consider providing a transcript at the Government's expense, the defendant must comply with the provisions of 28 U.S.C. § 1915.  See 28 U.S.C. § 1915(c).  The defendant has not complied with the statutory requirements of § 1915.  He did not provide an affidavit or a certified copy of his trust fund account statement for the past six months.

Even if defendant provides the affidavit and his trust fund account statement, defendant has not shown that he should be provided a free transcript.  An indigent criminal defendant has an absolute right to a transcript on direct appeal.  Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992).  However, there is no constitutional right to a free transcript in post-conviction proceedings.  Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993).  Defendant must show a "particularized need" for the transcript.  Id.  Tracy did not file a direct appeal   In his motion, defendant asserts that "counsel may be 'ineffective' for not arguing specific 'departures' during sentencing;" and "defendant is not sure if the plea was knowing, voluntary, and intelligent."  Defendant requests the transcript so that a scrivener may review the transcripts to make an informed decision what claims the defendant can present to the court for review.  Defendant has not shown that his claims are not frivolous and that the transcript is needed to decide the issues he will present in his 2255 petition.  Defendant's conclusory statements that his counsel was ineffective and that his plea was not voluntary are insufficient to establish a need for a transcript under 28 U.S.C. § 753(f).  See United States v. MacCollom, 426 U.S. 317, 327-2896

S.Ct. 2086, 48 L.Ed.2d 666 (1976).  The defendant must file his section 2255 motion or proffer sufficient facts for the court to determine whether a motion for a free transcript would be frivolous or not.

    IT IS THEREFORE ORDERED the defendant's Motion Pursuant to 28 U.S.C. § 753 (Doc. 38) is DENIED.

    SO ORDERED this 12th day of October, 2010.


                                                    s/ Wesley E. Brown
                                            Wesley E. Brown, Senior U.S. District Judge