IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  Case Nos. 09-10020-01-JTM (Criminal)
                                                 16-1264-JTM (Civil)

TRACY WESLEY,

    Defendant.

**MEMORANDUM AND ORDER**

This case is before the court on defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 41) and the government's motion to dismiss (Dkt. 46). Defendant claims that the sentence enhancement based on his career offender status under U.S.S.G. § 4B1.2, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, the court dismisses defendant's motion and grants the government's motion.

Defendant references both his firearm charge and prior crime for the sale of cocaine, and argues that they do not meet the qualifications under the residual clause of the Armed Career Criminal Act. But defendant's sentence enhancement for being a career offender was pursuant to U.S.S.G. § 4B1.1—not 18 U.S.C. § 924(e)(2)(B)(ii). *Compare Johnson*, 135 S. Ct. at 2563 (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague). The United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), held that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents

a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890 (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886. Consequently, the court finds that no new rule or constitutional law provides defendant an avenue for relief.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

IT IS THEREFORE ORDERED that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 41) is dismissed.

IT IS FURTHER ORDERED that government's motion to dismiss (Dkt. 46) is granted.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability in this case.

Dated this 22nd day of June, 2017, at Wichita, Kansas.

                                                 ___s/ J. Thomas Marten_____
                                                 J. THOMAS MARTEN, JUDGE